IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD T. COFFLIN, JR., | : | Civil No. 3:25-cv-805 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT MASON, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Howard Cofflin ("Cofflin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1). He subsequently filed an amended habeas petition. (Doc. 15). For the reasons set forth below, the Court will dismiss the petitions and a certificate of appealability will not issue.

### I.   Background

Cofflin was convicted under two criminal docket numbers in the York County Court of Common Pleas. (Doc. 15, at 3-4 ¶¶ 1-2; Doc. 22-1, at 10-53). The two dockets were consolidated for trial and the jury returned its verdict on March 23, 2017. (*Id.*).

Under docket number CP-67-CR-0006854-2015, following the jury trial, Cofflin was convicted of one count of terroristic threats and one count of harassment. (Doc. 22-1, at 10-30, *Commonwealth v. Cofflin*, CP-67-CR-0006854-2015 (Pa. Ct. Com. Pl. York Cnty.)).

Under docket number CP-67-CR-0001976-2016, following the jury trial, Cofflin was convicted of three counts of criminal attempt of first-degree murder, three counts of terroristic threats, and one count of bomb threats. (Doc. 22-1, at 32-53, *Commonwealth v. Cofflin*, No. CP- CP-67-CR-0001976-2016 (Pa. Ct. Com. Pl. York Cnty.)).

On April 26, 2017, the trial court sentenced Cofflin to an aggregate term of imprisonment of 434 to 898 months. (*Id.* at 17, 41).

Cofflin filed a direct appeal. (*Id.* at 17, 47). On January 29, 2018, the Pennsylvania Superior Court dismissed the appeal. (*Id.* at 23, 47, *Commonwealth v. Cofflin*, 855 MDA 2017, 1276 MDA 2017 (Pa. Super. Jan. 29, 2018)). Cofflin did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. (*See* Doc. 22-1, at 10-53).

Cofflin never filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (*See id.*).

On or about September 6, 2024, Cofflin filed an Application for Extraordinary Relief with the Pennsylvania Supreme Court. (*See* Doc. 15, at 6 ¶¶ 19-20; Doc. 15-5, *Cofflin v. Commonwealth*, 103 MM 2024). On February 26, 2025, the Pennsylvania Supreme Court denied the Application for Extraordinary Relief. (*Id.*). Cofflin filed a motion for reconsideration, which was denied on April 30, 2025. (*See* Doc. 15, at 6 ¶¶ 21-22; Doc. 15-6, *Cofflin v. Commonwealth*, 103 MM 2024).

Cofflin filed his federal habeas petition on March 28, 2025.[1] (Doc. 1). He then filed an amended habeas petition on June 26, 2025.[2] (Doc. 15). Respondent argues that the habeas petition must be dismissed as untimely. (Doc. 22). Regardless of the habeas petition's filing date—March 28, 2025 or June 26, 2025—Cofflin's petition is still untimely. For the purpose of calculating timeliness, the Court gives Cofflin the benefit of the earlier filing date and considers the habeas petition to be filed on March 28, 2025.

## II. Timeliness Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

---

[1] Under the prisoner mailbox rule, the Court deems the petition filed on March 28, 2025, the date Cofflin signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

[2] The Court again employs the prisoner mailbox rule, deeming the amended petition filed on June 26, 2025, the date Cofflin signed it. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Cofflin was sentenced on April 26, 2017. He filed a direct appeal, and, on January 29, 2018, the Pennsylvania Superior Court dismissed the appeal. Cofflin's judgment of sentence became final on February 28, 2018, at the expiration of the 30-day period for filing

a petition for allowance of appeal with the Pennsylvania Supreme Court. See 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Cofflin had one year after his sentence became final to file his federal habeas petition. Thus, the AEDPA statute of limitations under § 2254(d)(1)(A) expired on February 28, 2019. However, Cofflin did not file the instant habeas petition until March 28, 2025, more than six years after the expiration of the statute of limitations. Therefore, the habeas petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

    A.    <u>Statutory Tolling</u>

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. See 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on February 28, 2018 and, absent any tolling, would expire on February 28, 2019. Cofflin never filed a PCRA petition; therefore, he failed to toll the statute of limitations for filing his federal habeas petition. Cofflin is not entitled to statutory tolling. As a result, absent equitable tolling or the applicability of the actual innocence exception, Cofflin's federal habeas petition is six years late.

    B.    <u>Equitable Tolling</u>

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d

Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person

seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court simply cannot conclude that Cofflin diligently pursued his rights. Cofflin filed a direct appeal, but never pursued PCRA relief. He took no action for several years— five years later (in 2024), he filed an Application for Extraordinary Relief with the Pennsylvania Supreme Court; and six years later (in 2025), he filed his federal habeas petition. By this time, both the state and federal collateral relief statutes of limitations had expired. Cofflin failed to exercise reasonable diligence throughout the limitations period.

In addition to Cofflin's failure to demonstrate the exercise of reasonable diligence, he failed to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that the state court misled him regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted on this basis.

The Court now turns to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was

previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is 'demanding' and seldom met)." *McQuiggin*, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

8

satisfied that the trial was free of nonharmless constitutional error.'" *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).

Cofflin failed to provide new reliable exculpatory evidence to support an actual innocence claim, and none can be extracted from the claims raised in his petition and amendment. Accordingly, Cofflin has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Cofflin failed to demonstrate that a certificate of appealability should issue.

9

IV. **Conclusion**

The Court will dismiss Cofflin's application (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and amendment (Doc. 15), and a certificate of appealability will not issue. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 22, 2025